TWINSBURG TOWNSHIP BOARD OF
TRUSTEES *v.* HILL ET AL.

(No. CV 87 10 3562—Decided
October 6, 1988.)

Court of Common Pleas of
Summit County.

*Dalessio, Shapiro, Musitano,
Manes, Schrader & Assaf* and *Alfred
E. Schrader,* for Twinsburg Township
Board of Trustees.
*Dennis N. Hill, pro se.*
*Anthony J. Celebrezze, Jr.,* attorney general, and *Jerome C. Webbs,* for
the Administrator of the Ohio Bureau
of Employment Services.

DONALD B. MCFADDEN, J.   Appellee Dennis N. Hill was separated from
his employment as a sergeant with the
Twinsburg Township Police Department. In litigating matters relating to
that separation, Hill and the Twinsburg Township Board of Trustees
reached an agreement to settle their
disputes. In the parties' Consent
Order, approved by the Honorable
Frank Bayer of this court, Hill agreed
to effectively terminate his employment and to forgo, among other
things, seeking unemployment compensation benefits. In return for his
promises, Hill received severance pay
and other benefits from the township
to which he was not otherwise entitled.

Upon receipt of the final severance
payment from the township under the
Consent Order, Hill immediately applied for unemployment compensation
benefits. His application was granted.
That decision was appealed to the Unemployment Compensation Board of
Review, which affirmed the granting
of benefits by a ruling issued August
10, 1987. It is from this ruling that the
township appeals.

The issue presented in this appeal
is whether a party who is represented
by counsel in a litigated proceeding
and who agrees to settle the dispute by
forgoing his right to unemployment
compensation benefits in return for
other benefits may repudiate his agreement, which was adopted by the court
as its order, and receive unemployment compensation benefits.

Neither party has cited, nor has
this court found, any case in which this
issue has been addressed. Hill relies on
R.C. 4141.32, which provides that no
agreement by an employee to *waive* his
rights to unemployment compensation
benefits is valid.

The court finds, however, that the
agreement in this case was not a
"waiver," but instead was a judicially
approved settlement to the parties'

dispute. This case does not involve a person who is coerced to sign a waiver of benefits as a condition of employment. This case involves court proceedings over which a judge presided and during which Hill's interests were protected by counsel. R.C. 4141.32 does not invalidate the court's order.

Accordingly, the court finds that the decision of the Unemployment Compensation Board of Review is contrary to law, and the same is hereby reversed.

*Judgment accordingly.*